*United States ex rel. Donohue v. Buffalo Pub. Sch. Dist.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand twenty-four.**

**PRESENT:**

> **DENNIS JACOBS,**
> **MICHAEL H. PARK,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*

---

**United States of America *ex rel.* Patrick Donohue,**

> *Plaintiff-Appellant,*

> v.                                                                 23-374

**Buffalo Public School District, Kriner Cash, in his official capacity as Superintendent, Stamford Public School District, Dr. Tamu Lucero, Somerville Public School District, Mary Skipper, in her official capacity as Superintendent, New York City Department of Education, Richard Carranza, in his official capacity as the former Chancellor of the New York City Department of Education, Meisha Porter, in her official capacity as the current Chancellor of the New York City**

**Department of Education, Chicago Public School District, Jose J. Torres, in his official capacity as Superintendent, Wake County Public School District, Cathy Quiroz Moore, in her official capacity as Superintendent, Niagara Falls Public School District, Mark Laurrie, in his official capacity as Superintendent,**

*Defendants-Appellees.*\*

---

FOR PLAINTIFF-APPELLANT:

Rory J. Bellantoni & Ashleigh C. Rousseau, Brain Injury Rights Group, Ltd., New York, NY.

FOR DEFENDANTS-APPELLEES:

Cavette A. Chambers, Corporation Counsel, & Robert E. Quinn, Deputy Corporation Counsel, City of Buffalo Law Department, Buffalo, NY *for Buffalo Public School District & Kriner Cash, in his official capacity as Superintendent.*

Ryan P. Driscoll, Berchem Moses P.C., Milford, CT *for Stamford Public School District & Dr. Tamu Lucero.*

Joshua R. Coleman, Murphy, Lamere & Murphy, P.C., Braintree, MA *for Somerville Public School District & Mary Skipper, in her official capacity as Superintendent.*

Richard Dearing, Susan Paulson, & Claude S. Platton, Assistant Corporation Counsel, *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY *for New York City Department of Education, Richard Carranza, in his official capacity as the former Chancellor of the New York City Department of Education & Meisha Porter, in her official capacity as the current Chancellor of the New York City Department of Education.*

Joseph Victor Willey, Katten Muchin Rosenman LLP, New York, NY *for Richard*

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

2

*Carranza, in his official capacity as the former Chancellor of the New York City Department of Education & Meisha Porter, in her official capacity as the current Chancellor of the New York City Department of Education.*

Ruchi Verma, General Counsel, & Thomas A. Doyle, Assistant Deputy General Counsel, Board of Education of the City of Chicago, Law Department, Chicago, IL *for Chicago Public School District & Jose J. Torres, in his official capacity as Superintendent.*

Christopher Seusing, Wood Smith Henning & Berman, LLP, New York, NY *for Wake County Public School District & Cathy Quiroz Moore, in her official capacity as Superintendent.*

Jonathan P. Shaub & Nicholas Tam, Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success, NY *for Niagara Falls Public School District & Mark Laurrie, in his official capacity as Superintendent.*

Appeal from an order of the United States District Court for the Southern District of New York (Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Proceeding on behalf of the United States under the False Claims Act, Patrick Donohue brought claims against thousands of school districts and counties across the United States for providing remote services to special needs students during the Covid-19 pandemic. He then filed a Second Amended Complaint ("SAC"), which significantly reduced the number of defendants but continued to press his claims that Appellees charged the federal government for remote services provided to special needs students in violation of both the Individuals with Disabilities Education Act ("IDEA") and section 411(k)(13) of the Medicare Catastrophic Coverage Act of

3

1988, 42 U.S.C. § 1396b(c). Appellees moved to dismiss. A magistrate judge issued a report and recommendation (the "R&R") recommending dismissal of Donohue's claims without leave to amend, and the district court adopted the R&R in full. We assume the parties' familiarity with the remaining underlying facts, procedural history of the case, and issues on appeal.

Under Rule 72(b) of the Federal Rules of Civil Procedure, a party must file "specific written objections" to proposed findings and recommendations in a magistrate judge's R&R to avoid waiver. We review those portions of a grant of a motion to dismiss that address such specific objections de novo, and we consider all other arguments—including insufficiently specific arguments—waived. *See, e.g.*, *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). Donohue waived almost all of his arguments by failing to present them in his objections to the R&R. We consider only the three that remain.

First, the district court properly reached common merits issues rather than first addressing personal jurisdiction and the propriety of venue for each defendant because it was clear that it had personal jurisdiction and that venue was proper for at least some defendants. *See Chevron Corp. v. Naranjo*, 667 F.3d 232, 246 n.17 (2d Cir. 2012). The law of the case did not require the district court to transfer venue for each defendant rather than dismissing even though the magistrate judge previously had transferred claims against some defendants to the Eastern District of Virginia. Whether there was personal jurisdiction over the remaining defendants, and whether venue for the claims against them was proper in the Southern District of New York, was a new issue not previously raised. Regardless, the law-of-the-case doctrine is discretionary, *see Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001), and the district court had good reason to reach common merits questions rather than to assess venue and personal jurisdiction for each defendant.

Second, the district court properly dismissed Donohue's worthless-services claims under the False Claims Act. Donohue did not object to the R&R's recommendation that his claims be dismissed for failing to allege scienter—a sufficient reason to affirm. But even if he had objected, the SAC does not allege facts showing that any misrepresentation or omission in any claim made to the federal government was knowingly material. We evaluate materiality under the False Claims Act based on three factors: "(1) whether the government expressly designates compliance with a particular statutory, regulatory, or contractual requirement as a condition of payment; (2) the government's response to noncompliance with the relevant contractual, statutory, or regulatory provision; and (3) whether the defendants' alleged noncompliance was minor or insubstantial." *United States ex rel. Forman v. AECOM*, 19 F.4th 85, 110 (2d Cir. 2021) (internal quotation marks omitted). The SAC pleads no facts tending to show that any of these factors weigh in favor of materiality, and Donohue has misrepresented the content of the only alleged statutory requirement for payment that he has identified—42 U.S.C. § 1396b(c). *See United States ex rel. Donohue v. Carranza*, No. 22-cv-189(AJT/IDD), 2022 WL 3226191, at *5-6 (E.D. Va. July 1, 2022) (dismissing the SAC's transferred claims in part because Donohue's "claims regarding [42 U.S.C. § 1396b(c)'s] requirements are not reflected in the law's text"), *aff'd sub nom. United States ex rel. Donohue v. Loudoun Cnty. Pub. Sch. Dist.*, No. 22-1835, 2023 WL 7548198 (4th Cir. Nov. 14, 2023) (per curiam).

Third, the district court properly denied leave to amend the SAC as futile. Donohue could not plausibly allege scienter or materiality given the guidance of federal agencies indicating that schools could provide remote services to students covered by the IDEA. He has never identified even the type of factual allegations that he might add to the SAC to remedy its pleading deficiencies. And his continued mistaken assertions below that his claims were subject to the

5

pleading standard set out by Rule 8 of the Federal Rules of Civil Procedure, rather than the more stringent Rule 9(b) standard applicable to False Claims Act claims, *see United States ex rel. Chorches v. Am. Med. Response, Inc.*, 865 F.3d 71, 81 (2d Cir. 2017), refute any claim that he could remedy the pleading defects in the SAC.

* * *

We have considered the remainder of Donohue's arguments and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court